## GERARD and others *vs.* PROUTY.

So long as any thing remains to be done, to complete a contract of sale, a partial damage to the property, as well as a total damage, is at the risk of the vendor.

Thus, where a quantity of cigars were sold at auction, for cash, those loose, in cases, to be weighed, and those in boxes to be counted as full boxes, it was *held* that the vendors must bear the loss occasioned by a rain, occurring before the cigars were weighed or counted.

And when, in an action by the vendor, for the price of the goods, the defendant seeks to recoup for damage done to the property after the sale and before delivery, it is for him to show that the damage occurred between the sale and delivery.

And he must prove the actual damage, without reference to the price paid at auction. It is erroneous to allow him the difference in value between the auction price and the value of the property when delivered.

THE plaintiffs are auctioneers, and as such, on the 5th day of August, 1859, at the store of Andre & Brother, No. 107 Water street, New York, they held a public sale of cigars belonging to Andre & Brother, which had been somewhat injured by being wetted. The building had been partially destroyed by fire, and was unrepaired at the time of the sale. The terms of the sale were these : "That they were *damaged cigars,* to be sold for cash. Loose cigars to be sold in cases, 15 pounds to the thousand cigars, to be weighed by a weighmaster immediately after the sale. Those in boxes were to be sold with no allowance for deficiency in quantity or deficits, that is, those boxes with any cigars in were to be counted as full. Cigars to be delivered in order of sale, by the porter ; any deficiency was to come off the last lot sold ; or if more, to be added on to the last parcel." The plaintiffs stated, " we did not know how many cigars there were in this lot, but was supposed to be 400,000, more or less ;" also, "*that the cigars were damaged by fire and water,* and those in cases would be weighed, including the dirt and cinders, in the condition they were then in." The defendant bid at the sale upon several parcels, which were struck off to him at the prices stated in the complaint. A

Gerard v. Prouty.

slight rain was falling when the sale commenced; within a few minutes after the sale was concluded the rain became violent, and falling upon the partially destroyed roof and floors, was conducted in a large stream directly upon the cigars in the cases and boxes bidden upon by the defendant. The defendant immediately gave notice to the plaintiffs and Andre & Brother, and demanded that the cigars and boxes should be protected from further injury, or that they might be delivered to him for that purpose; but nothing was done, and Andre declined to do any thing. The cigars in boxes were injured, and those in the cases were wholly destroyed. Soon after the sale, the plaintiffs delivered to the defendant an account of the cigars bought by him. They also gave him an order for the delivery of the cigars upon Andre & Brother, upon which the defendant paid the plaintiffs $600 upon account; and it was then agreed between them that the defendant should count and examine them, the cigars in boxes, and would pay the balance found to be due after doing so. The defendant then proceeded to the store of Andre & Brother, and presented the order and demanded the property, which was refused to be delivered. The defendant then obtained another order, and after this was done, and the cigars weighed and ready to be delivered, it was so late that only a portion of them could be delivered on that day. The remainder were not received until the next day. Upon being counted, a deficiency was found in the number of boxes, of 82,000 or thereabouts, and the cigars in the cases were found to be utterly worthless, and the cases themselves to be partly filled with cinders, ashes, &c., upon which cigars had been placed, so as to hide such contents from view.

This suit was brought to recover the alleged balance due from the defendant. He claimed a deduction for the deficiency in the *number* of " cigars in boxes," and to *recoup* for damages done to the property *after the sale and before delivery*. The referee arrived at these conclusions of law: That until the cigars were counted and weighed, the title

thereto did not pass to the defendant. That the plaintiffs were responsible for the damage which occurred to the cigars by reason of their becoming wet, while in their possession, and until they were counted and weighed. That under the above facts, a return of the cigars, or an offer to return, was not necessary. And that the defendant should only be charged with the actual value of the cigars delivered to him, after being dried as aforesaid, and he should be credited the amount paid, and for the difference, viz. the sum of $229, and was entitled to recover judgment against the plaintiffs, with interest from the 6th day of August, 1859, besides costs. From the judgment entered upon the report, the plaintiffs appealed.

*Jas. W. Gerard,* for the appellants.

*John N. Whiting,* for the respondent.

*By the Court,* INGRAHAM, J. The plaintiffs acted and sued in their own names as principals. The defendant's remedy was against them, without reference to whether they were agents or not.

The counter-claim is for damages to the property sold by the plaintiffs, after the sale and before the delivery. At the time of damage, the cigars had not been weighed or counted. Both of these acts were necessary before title passed, in addition to delivery. If at this time the cigars had been destroyed by fire, the loss would have fallen on the vendors.

A partial damage, as well as a total damage, is at the risk of vendors, until all that is necessary to complete the contract has been performed. Until they were so counted and weighed, the plaintiffs must bear the damages sustained before that time.

. But the referee erred in his rule of damages. It was for the defendant to show that the damage was done between the sale and delivery. If he was not able to show that, he

failed in proof, and the referee should not have decided in his favor.

He also erred in giving the difference in value between the auction price and the value when delivered. He had no right to assume that the whole difference was occasioned by the rain. The defendant must prove the actual damage, without reference to the actual price paid at auction.

It may well be that under the mode in which these cigars were sold, the defendant paid more for them than the witnesses who valued them after the rain estimated them to be worth, but still he was not entitled to such deduction.

Judgment reversed; case referred back to referee, with directions to open the case, allow either party to produce further evidence, and report thereon; costs to abide the event.

[NEW YORK GENERAL TERM, May 6, 1861. *Clerke, Gould* and *Ingraham,* Justices.]